# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| VARSITY BRANDS, INC., a Delaware corporation; and VARSITY SPIRIT CORPORATION, a Tennessee corporation, <br><br> Plaintiffs, <br><br> v. <br><br> PROFORMANCE SPORTS MARKETING, and ENTERTAINMENT INC., a Texas corporation; CHEER CHANNEL INC., a Texas corporation; CINDY VILLAREAL; MASON HUGHES; and Rackspace.com, LTD., a Texas corporation, <br><br> Defendants. | **Civil Action No. _____** |

## COMPLAINT

Plaintiffs, Varsity Brands, Inc. and Varsity Spirit Corporation, by their attorneys, Baker, Donelson, Bearman, Caldwell & Berkowitz, allege as follows:

### Parties and Jurisdiction

1.  (a) Plaintiff, Varsity Brands, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 6745 Lenox Center Court, Memphis, Tennessee 38115.

    (b) Plaintiff Varsity Spirit Corporation is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business at 6745 Lenox Center Court, Suite 300, Memphis Tennessee 38115.

    Plaintiffs Varsity Brands, Inc. and Varsity Spirit Corporation are hereinafter referred to as "Varsity."

M AB1 2066333 v1 0-0 05/17/2010

2. (a) Defendant Proformance Sports Marketing and Entertainment Inc. ("PSME") is, upon information and belief, a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 815 Brazos, Austin, Texas and is doing business and/or transacting business within this district.

(b) Defendant Cheer Channel Inc. ("CCI") is, upon information and belief, a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 815 Brazos, Austin, Texas and is doing business and/or transacting business within this district.

(c) Defendant Cindy Villarreal ("Villarreal") is an individual residing in the State of Texas and, upon information and belief, is an officer of and/or an owner of and/ or the President of either or both Defendants PSME and CCI and has directed the acts complained of herein, or by omission, is responsible for the failure to act to cure the claimed infringements.

(d) Defendant Mason Hughes ("Hughes") is an individual residing in the State of Texas and, upon information and belief, is an officer of or owner of either or both Defendants PSME and CCI and has directed the acts complained of herein, or by omission, is responsible for the failure to act to cure the claimed infringements.

Hereinafter, Defendants PSME, CCI, Villarreal and Hughes are sometimes referred to collectively as "Defendants PSME."

3. Defendant Rackspace.com, Ltd. ("Rackspace") is, upon information and belief, an entity, the exact nature of which is unknown, with a principal place of business at 9725 Datapoint Drive, San Antonio, Texas, and was or is the host of the website complained of herein.

4. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 with respect to the claims arising under the Copyright Act and under the Lanham Act.

**Facts Common To All Claims**

6. Varsity is and for many years has been among the most successful and highly respected companies in the United States engaged in the business of organizing and sponsoring cheerleading events, camps and competitions. Among the Varsity companies are the highly regarded Universal Cheerleading Association and the National Cheerleaders Association.

7. For over 15 years Varsity's various competitions have been so highly regarded that they have been televised nationally under exclusive licenses by CBS Sports and FSN respectively and are presently televised nationally by ESPN and FSN. The copyrights in and to such footage is owned by Varsity.

8. Since the advent of the internet, in as early as 1999, Varsity created, at great cost and expense, a website at www.varsity.com, which has since continuously provided cheer related and other content to youth and their parents. Since then, Varsity's internet offerings have grown exponentially, and in 2006, Varsity launched the highly successful "Varsity TV", (formerly called "Varsity Wired ") which provides a place for local competitions to be aired and video thereof shared by the cheerleading community.

9. Beginning as early as May 2009, Varsity became aware that Defendants PSME had issued an offering prospectus claiming inter alia, that it was forming an entity which, through its website at www.cheerchannel.com, ("Website") would be inter alia, the first and only media network for cheerleading and dance (hereinafter, "Prospectus"). A copy of the Prospectus is attached hereto as **Exhibit A**.

10. Varsity, understanding puffery was the normal course for such matters, nevertheless wrote Defendant PSME setting forth in detail the reasons why Varsity disputed

3

many of the "facts" set forth therein and demanded that PSME reexamine and revise the Prospectus in light of these actual facts. Specifically, and without limitation, that Varsity had long been providing many of the "firsts" claimed by PSME in the Prospectus, especially though Varsity TV and on www.varsity.com. A copy of this letter is attached as **Exhibit B**.

11. Defendant PSME, through its attorneys replied, denying any intention to mislead and stating in any event, in their opinion, the dissemination of the materials did not give rise to an actionable claim for false advertising under the Lanham Act.

12. Now, nearly exactly 1 year later, it has come to Varsity's attention that prominently on Defendants' Website at www.cheerchannel.com a video was and still is displayed which (apart from speaking portions) consists of a montage of video clips showing Varsity's events, without permission from Varsity (the "Video").

13. In particular, the Video is comprised of footage of Varsity's events, including but not limited to its National Cheerleaders Association College Cheerleading and Dance Team Championships, and its All Star Nationals events.

14. Since these are Varsity events, the footage in the Video also prominently displays the trademarks and logos of Varsity, including its NATIONAL CHEERLEADERS ASSOCIATION, NCA, NDA, NATIONAL DANCE ALLIANCE and CDT trademarks, with such appearing in nearly each scene. Screenshots from the Video are attached hereto as **Exhibit C**.

15. Therefore, in addition to infringing Varsity's rights, this combination of Varsity's copyrighted footage, with its trademarks and logos prominently displayed gives, and, upon information and belief, was intended to give, the unmistakable impression that Varsity sponsors, approves of or is somehow associated with Defendants PMSE, which is false. The speaking portions of the Video also again imply falsely that Defendants' CHEER CHANNEL is or would be the first and only resource for cheerleading content on the internet.

16. Accordingly, on March 5, 2010 Varsity again contacted Defendant PMSE's attorneys, with whom it had previously corresponded, demanding the Video be removed from the Website. A copy this letter is attached as **Exhibit D**. A response was eventually received that these attorneys no longer represent the company.

17. Varsity then on March 22, 2010 sent a copy of the same March 5 letter by email to Defendant, and was directed on the phone to send the same to "Mason". Upon information and belief, "Mason" is Defendant Mason Hughes, an officer and/or owner of Defendant PSME and the husband of Defendant Villarreal.

18. Again, no response was received.

19. Thereafter, Varsity's counsel attempted to reach Defendant Villarreal by phone, and no call was returned.

20. On April 27, 2010, Varsity again sent a letter to PSME, this time to Ms. Villarreal, asking that she, inter alia, simply comply and remove the Video from the Website. A copy of this letter is attached as **Exhibit E**.

21. Again, no response was received.

22. Finally, on May 11, 2010, Varsity, seeing Defendants PSME had no intention to comply with, let alone dispute Varsity's demands, sent a "DMCA" notice pursuant to § 512 of the Copyright Act, to Defendant Rackspace, which was listed as the Website's hosting service, demanding that it remove the Video and take such other steps as proscribed in the Copyright Act's DMCA provisions. A copy of this letter is annexed as **Exhibit F**.

23. It is unknown whether Defendant Rackspace ever removed the Video, as no response was received or if Defendants PSME instructed Rackspace not to remove the Video.

24. As of today, the Video remains on the Website.

## COUNT ONE

25. Varsity repeats and realleges the assertions contained in Paragraph 1 through 24 above.

26. Defendants, without permission, license or consent from Varsity, have copied and are distributing on the internet in interstate commerce footage of events belonging to Varsity.

27. Defendants have thereby infringed one or more of Varsity's copyrights in such footage.

28. Upon information and belief, Defendants' infringing acts were committed with actual knowledge in that Defendants have been given actual notice of Varsity's rights under the federal Copyright Act and/or in reckless disregard of Varsity's exclusive rights in such footage.

29. Upon information and belief, by the acts complained of, Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

30. The aforementioned acts by Defendants have damaged Varsity and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## COUNT TWO

## AS AGAINST RACKSPACE

31. Varsity repeats and realleges the assertions contained in Paragraph 1 through 30 above.

32. Defendant Rackspace, without permission, license or consent from Varsity, have copied and are distributing on the internet in interstate commerce footage of events belonging to Varsity.

33. Defendant Rackspace has thereby infringed Varsity's copyright in such footage.

34. Upon information and belief, Defendant's infringing acts were committed with actual knowledge in that Defendant was given actual notice of Varsity's rights under the

federal Copyright Act and/or in reckless disregard of Varsity's exclusive rights in such footage.

35. Upon information and belief, by the acts complained of, Defendant Rackspace has made substantial profits and gains which they are not in law or in equity entitled to retain.

36. The aforementioned acts by Defendant has damaged Varsity and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## **COUNT THREE**

37. Varsity repeats and realleges the assertions contained in Paragraph 1 through 36 above.

38. Varsity is the owner of all right, title and interest in and to the Varsity trademarks and logos used in Defendant's Video, namely, and without limitation its NATIONAL CHEERLEADERS ASSOCIATION, NCA, NDA, CDT, and NATIONAL DANCE ALLIANCE. ("Varsity Trademarks").

39. Defendants, without authorization from Varsity, are distributing in interstate commerce via its Website footage prominently bearing Varsity's Trademarks.

40. The use of Varsity's Trademarks on and in connection with Defendants PSME Website causes and upon information and belief, were and are intended to cause a belief that Varsity authorizes Defendants' Website or that it is somehow associated with, sponsors or approves the Website, which is false.

41. Upon information and belief, by the acts complained of, Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

42. The aforementioned acts by Defendants PSME constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

7

43. The aforementioned acts by Defendant has damaged Varsity and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## **COUNT FOUR**

44. Varsity repeats and realleges the assertions contained in paragraphs 1 through 43 above.

45. Defendants' actions constitute false advertising or promotion in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

46. The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## **COUNT FIVE**

47. Varsity repeats and realleges the assertions contained in Paragraph 1 through 46 above.

48. This count for unfair competition arises under the laws of the State of Tennessee.

49. Defendants' actions were committed with intent to deceive and in fact did deceive the pertinent purchasing public.

50. Defendants' actions constitute false advertising or promotion in violation of the laws of Tennessee.

51. The aforementioned acts by Defendants have damaged and, if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Varsity respectfully requests that the Court:

1. Find that Defendants have infringed upon Varsity's Copyrights.

2. Preliminarily and permanently enjoin Defendants, their officers, agents, employees and related companies, and all persons acting for, with, by, through or under them, from copying, reproducing, advertising, promoting, or distributing the Video or any other footage which consists of Varsity footage on Defendants' Website or otherwise;

3. Order Defendants, pursuant to 17 U.S.C. § 503, to deliver to Varsity for the destruction of all materials (including, without limitation, all footage and all copies thereof, any advertisements, promotional materials, brochures, signs, displays, stationary, business cards and/or invoices), within its possession, custody or control, either directly or indirectly, that bears infringements of Varsity's Copyrights;

4. Award to Varsity its actual damages incurred as a result of Defendants' acts of copyright infringement, and all profits Defendants realized as a result of their acts of copyright infringement, in amounts to be determined at trial; or in the alternative, award to Varsity, pursuant to 17 U.S.C. § 504, statutory damages for each act of copyright infringement committed by Defendants;

5. Award to Varsity, pursuant to 17 U.S.C. § 505, its costs and attorneys' fees incurred as a result of Defendants' acts of copyright infringement;

6. Preliminarily and permanently enjoin Defendants, their officers, agents, employees, and related companies, and all persons acting for, with, by, through, or under them, from:

(a) Using Varsity's Trademarks or in connection with Defendants' Website.

(b) Committing any other act calculated or likely to cause the public to believe that Defendants are in any manner connected, affiliated or associated with Varsity or from otherwise competing unfairly with Varsity.

7. Order Defendants, pursuant to 15 U.S.C. § 1118, to deliver to Varsity for destruction all material (including, without limitation, all footage, advertisements, promotional materials, brochures, signs, displays, stationary, business cards and/or invoices), within their possession, custody or control, either directly or indirectly, that bear the Varsity's logo or any other of Varsity's Trademarks;

8. Direct Defendants, pursuant to 15 U.S.C. § 1117(a), to account to Varsity for all gains, profits and advantages derived from Defendants' wrongful acts;

9. Award to Varsity, pursuant to 15 U.S.C. § 1117(a), the greater of three times the amount of Defendants' profits or any damages sustained by Varsity, together with interest on such amount and the costs of this action;

10. Award to Varsity, pursuant to 15 U.S.C. § 1117(a), its attorneys' fees and the costs of this civil action;

11. Award to Varsity its actual damages incurred as a result of Defendants' acts of unfair competition in violation of the laws of Tennessee, and all profits Defendants realized as a result of their acts of unfair competition in violation of the laws of Tennessee, in amounts to be determined at trial, and award punitive damages as a result of Defendants' acts of unfair competition in violation of the laws of Tennessee;

M AB1 2066333 v1 0-0 05/17/2010

(a) Using Varsity's Trademarks or in connection with Defendants' Website.

(b) Committing any other act calculated or likely to cause the public to believe that Defendants are in any manner connected, affiliated or associated with Varsity or from otherwise competing unfairly with Varsity.

7. Order Defendants, pursuant to 15 U.S.C. § 1118, to deliver to Varsity for destruction all material (including, without limitation, all footage, advertisements, promotional materials, brochures, signs, displays, stationary, business cards and/or invoices), within their possession, custody or control, either directly or indirectly, that bear the Varsity's logo or any other of Varsity's Trademarks;

8. Direct Defendants, pursuant to 15 U.S.C. § 1117(a), to account to Varsity for all gains, profits and advantages derived from Defendants' wrongful acts;

9. Award to Varsity, pursuant to 15 U.S.C. § 1117(a), the greater of three times the amount of Defendants' profits or any damages sustained by Varsity, together with interest on such amount and the costs of this action;

10. Award to Varsity, pursuant to 15 U.S.C. § 1117(a), its attorneys' fees and the costs of this civil action;

11. Award to Varsity its actual damages incurred as a result of Defendants' acts of unfair competition in violation of the laws of Tennessee, and all profits Defendants realized as a result of their acts of unfair competition in violation of the laws of Tennessee, in amounts to be determined at trial, and award punitive damages as a result of Defendants' acts of unfair competition in violation of the laws of Tennessee;

12. Award all damages which flow from Defendants' actions or which are reasonably foreseeable as a result of Defendants' actions, including attorney's fees, costs, and penalties available under federal law and common law;

13. Award pre-judgment and post-judgment interest on all monies found to be due to Varsity from Defendants, at the then prevailing or legal rate, whichever is greater, from the date said amounts or any part thereof became or become due; and

14. Award to Varsity such other and further relief as the Court deems just and proper.

Dated: May 17, 2010

    Respectfully submitted,

**BAKER, DONELSON, BEARMAN,  
CALDWELL & BERKOWITZ, PC**

By: s/ Grady Garrison  
Grady Garrison (TN Bar No. 8097)  
Adam S. Baldridge (TN Bar No. 23488)  
First Tennessee Building  
165 Madison Avenue, Suite 2000  
Memphis, Tennessee 38103  
Tel: (901) 577-8151  
Fax: (901) 577-0814  
ggarrison@bakerdonelson.com  
abaldridge@bakerdonelson.com

Attorneys for Varsity Brands, Inc.

Of Counsel:  
COWAN, LIEBOWITZ & LATMAN, P.C.  
Arlana S. Cohen, Esq.  
1133 Avenue of the Americas  
New York, New York 10036-6799  
Tel: (212) 790-9200  
Fax: (212) 575-0671